THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MATTHEW MCGOLDRICK,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF WOODBURY et al.,<br><br>Defendants. | Civil No. 23-385 (RBK/SAK) |

## SCHEDULING ORDER

This Scheduling Order confirms the directives given to counsel at the initial scheduling conference held pursuant to Rule 16, Federal Rules of Civil Procedure on **April 25, 2023**; and the Court noting the following appearances: **Harry J. Kane, Jr., Esquire**, appearing on behalf of Plaintiff; and **James R. Birchmeier, Esquire**, appearing on behalf of Defendants; and for good cause shown;

**IT IS** this **26th** day of **April, 2023**, hereby **ORDERED**:

1. Counsel shall make Fed. R. Civ. P. 26(a) disclosures on or before **May 2, 2023**.

2. Plaintiff's counsel shall file a letter with the Court by **May 9, 2023** stating that the parties have conferred pursuant to Local Civil Rules 26.1(b)(2) and 26.1(d) concerning discovery of digital information and advising whether the parties have agreed on computer-based and other digital discovery matters. No issue will be addressed unless the parties comply with Local Civil Rule 37.1(a)(1).

3. Any required statement concerning the disclosure of third-party litigation funding, as set forth in Local Civil Rule 7.1.1 (eff. June 21, 2021), shall be filed within ten (10) days of the date of this Order. Local Civil Rule 7.1.1 does not require the filing of a negative statement to the effect that no third-party funding exists in the case.

4. Initial written discovery requests shall be served by **May 25, 2023**. Any responses, answers, and objections to initial written discovery requests shall be served in accordance with Court Rules.

5. **Limits on Discovery.** Each party shall serve a maximum of 25 interrogatories, inclusive of all discrete subparts. Each party shall conduct a maximum of 4 depositions.

6. Contention interrogatories, if any, shall not be served prior to **June 26, 2023**, unless otherwise permitted by the Court. *See* L. Civ. R. 33.1(d) (eff. June 21, 2021).

7. By **May 9, 2023**, the parties shall serve the Court with an agreed-upon Discovery Confidentiality Order that complies with Local Civil Rule 5.3, or a copy of the latest version of the Order with a list of the issues in dispute. Unless good cause is shown, the parties shall use the form included as Appendix S to the Local Rules of Civil Procedure. If the proposed order differs from Appendix S, the parties must submit (1) a clean version of the order that is ready for signature and (2) an additional version that shall indicate in what respect(s) it differs from Appendix S, by bracketing or striking through materials to be deleted and underlining materials to be added.

8. The time within which to seek amendments to the pleadings or to add new parties will expire on **July 14, 2023**. Except as otherwise permitted in the Federal or Local Rules of Civil Procedure, leave of Court is necessary to file an amended pleading. Counsel shall comply with amended Local Civil Rule 15.1, which requires motions to amend to state whether the motion is opposed. Parties shall meet and confer in person or by phone about the issue. Parties shall also attach to their motion a form of the proposed amended pleading that indicates in what respect(s) it differs from the pleading it proposes to amend.

9. Pretrial factual discovery will expire on **August 25, 2023**. All pretrial discovery shall be concluded by that date. All discovery disputes shall be presented to the Court in accordance with Local Civil Rule 37.1(a)(1), and the procedures set forth in this Order, prior to the expiration of pretrial factual discovery.

10. **Discovery Applications.** Counsel shall meet and confer in a good faith attempt to informally resolve any and all discovery or case management disputes before seeking the Court's intervention. *See* L. Civ. R. 37.1(a)(1). Absent exigent circumstances, the Court expects parties to "meet and confer" in person or by telephone, rather than just exchanging letters or emails. Should such informal effort fail to resolve the dispute:

   a. The party seeking the discovery shall submit, *via* ECF, a letter not to exceed five (5) pages that sets forth (1) a specific description of the discovery sought; (2) the relevance of the discovery; (3) an explanation of the parties' efforts to meet and confer to resolve the dispute; and (4) any appropriate legal arguments.

   b. Within seven (7) calendar days, the party opposing the request may submit, *via* ECF, a letter in response not exceeding five (5) pages that sets forth any factual considerations and legal arguments. **Failure to respond within seven (7) calendar days of the filing of the initial letter will be deemed a waiver of any objection to the discovery request(s).**

   c. **No further submissions** regarding the dispute may be filed without leave of the Court. If necessary, the Court will schedule a conference to address the dispute.

The failure of any party to meet and confer in good faith will result in the Court deeming that party to have waived its right to take a position on the discovery issue(s) in dispute.

The parties should promptly bring any unresolved issue(s) to the Court's attention and should not wait until the close of discovery to address a dispute. No discovery motion, or motion for sanctions for failing to provide discovery, shall be filed before utilizing the procedures set forth above and without prior leave of the Court.

11.     **Depositions.** All depositions are to be conducted in accordance with the procedures set forth in *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D. Pa. 1993).

12.     **Expert Discovery.** If the parties engage in expert discovery, all expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of Plaintiff shall be served upon counsel for Defendants no later than **September 25, 2023**. All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of Defendants shall be served upon counsel for Plaintiff no later than **October 25, 2023**. Each such report should be accompanied by the *curriculum vitae* of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed. Depositions of proposed expert witnesses shall be concluded by **November 30, 2023**.

For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition, or as to the future prognosis of a particular condition, shall be considered an expert subject to the requirement of FED. R. CIV. P. 26(a)(2)(B).

The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. EVID. 701 and *Teen-Ed v. Kimball Int'l, Inc.*, 620 F.2d 399 (3d Cir. 1980).

13.     **Dispositive Motions.** If expert discovery will be served, dispositive motions shall be filed with the Clerk of the Court no later than **January 5, 2024**. If expert discovery will not be served, dispositive motions shall be filed by **September 25, 2023**. Opposition to the motion should be served in a timely fashion. Counsel are to follow Local Civil Rules 7.1, 7.2, 56.1 and 78.1, *Motion Practice (generally)*. This Order is subject to the Individual Rules and Procedures (if any) of the presiding District Judge.

14.     The Court will conduct a telephone status conference on **July 24, 2023 at 10:30 a.m.** Counsel shall dial **1-888-278-0296, Access Code 2961061#** to connect to the call. Any discovery dispute shall be brought to the Court's attention at least fourteen (14) calendar days prior to the scheduled conference and in accordance with the Court's discovery application procedures. All outstanding discovery issues not raised shall be deemed waived.

15.     Any application for an extension of time beyond the deadlines set herein shall be made in writing to the undersigned and served upon all counsel prior to expiration of the period sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. CIV. P. 16(b), and whether adversary counsel consent to the application. The scheduling deadlines set herein

will not be extended unless good cause is shown. All applications regarding motions returnable before a District Judge shall be presented to the District Judge.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

s/ Sharon A. King  
SHARON A. KING  
United States Magistrate Judge

cc: Hon. Robert B. Kugler, U.S.D.J.