IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW MCGOLDRICK<br>5 Dogwood Lane<br>Turnersville, NJ 08012<br>　　　Plaintiff,<br><br>　　　v.<br><br>CORINNE C. BYERLEY<br>CITY OF WOODBURY,<br>220 S. Broad St.<br>Woodbury, NJ 08096<br>　　　Defendants. | : CIVIL ACTION NO.<br>: 1:23-cv-00385 RBK/SAK |

## AMENDED COMPLAINT

### JURISDICTION & VENUE

1. This Court has original jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

2. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b) as all material acts and omissions giving rise to this action occurred here within.

### PARTIES

3. Plaintiff Matthew McGoldrick is a resident of the State of New Jersey, at the address set forth in the caption.

4. Defendant CORINNE C. BYERLEY was at all relevant times an officer with the Woodbury Police Department ("WPD'). She is being sued in her individual capacity.

5. Defendant City of Woodbury is a political subdivision of the State of New Jersey. The City's Offices and Agencies include the WPD, which is and was responsible for screening, hiring, training, supervising, and disciplining its agents/servants/employees, including the individual Defendants.

6. The Defendants' names and addresses are set forth in the caption of this Complaint.

7. At all relevant times, all Defendants were acting under color of state law.

8. At all relevant times, the actions taken by all Defendants deprived Plaintiff of his constitutional and statutory rights.

9. At all relevant times, the individual Defendants were acting in concert and conspiracy and their actions deprived Plaintiff of his constitutional and statutory rights.

## FACTUAL ALLEGATIONS

11. On or about January 27, 2021, Plaintiff attempted to check himself in for treatment at Inspira hospital in Woodbury, NJ.

12. Plaintiff was suffering from anxiety and depression and was taking himself to the hospital for treatment.

13. After arrival at the Emergency Department at Inspira, he was set upon by the defendant officer who had been alerted to his condition by his girlfriend.

14. Despite plaintiff having gone to Inspira voluntarily to seek treatment, Defendant BYERLEY arrested and handcuffed Plaintiff and twisted his arms behind his back for no apparent reason.

15. Plaintiff complained that the handcuffs were too tight and were hurting his wrists.

16. Neither BYERLEY, nor anyone else did anything to loosen the cuffs or relieve the pain and discomfort to the Plaintiff.

17. At no point during this incident was Defendant BYERLEY justified to use force upon the Plaintiff.

18. Defendant BYERLEY excessively and unreasonably tightened the handcuffs solely for the purposes of hurting and punishing the Plaintiff.

19. The actions and conduct of Defendant BYERLEY was willful, wanton, malicious, intentional, outrageous, deliberate and/or so egregious as to shock the conscience.

20. As a direct and proximate result of the actions and inactions of the Defendants, jointly and severally, Plaintiff suffered damages as follows:

   a. Physical pain and suffering;

   b. Fear and mental anguish;

   c. Medical expenses;

   d. Loss of income;

   e. Violation of his right to be free of unreasonable force;

   f. Violation of his right to be free of deliberate indifference to her serious medical need;

## CAUSES OF ACTION

### COUNT 1
### Plaintiff v. Defendants BYERLEY
### Federal Civil Rights Violations Under 42 U.S.C. § 1983

21. Mr. McGoldrick hereby incorporates by reference all of the foregoing and further alleges as follows:

22. Defendants caused the unreasonable use of force against Plaintiff in violation of Plaintiff's right to be free from the use of such force under the Fourth and Fourteenth Amendments to the U.S. Constitution.

23. As a direct and proximate result of the conduct of Defendant BYERLEY committed under color of state law, Plaintiff was deprived of his rights to be free from the unreasonable use of force, to be protected, to not suffer deliberate indifference to his serious medical needs, to be free of punishment without due process, and to equal protection of the law. As a result, Plaintiff

suffered harm, in violation of his rights under the laws and Constitution of the United States, in particular the First, Fourth and Fourteenth Amendments thereof, and 42 U.S.C. §1983.

24. The conduct of Defendant BYERLEY constituted the constitutional violations of unreasonable force, failure to protect, cruelty and punishment, deliberate indifference to serious medical need.

25. As a direct and proximate result of the actions and conduct of Defendant BYERLEY, Plaintiff sustained damages as set forth above.

26. Plaintiff is entitled to his attorney's fees and costs of prosecution of this suit, pursuant to 42 U.S.C. § 1988.

27. Plaintiff is entitled to punitive damages.

## JURY DEMAND

28. Plaintiff demands a trial by jury as to each Defendant and as to each cause of action and claim.

**WHEREFORE**, Plaintiff demands judgment against each defendant, jointly and severally, as to each count, along with costs, attorney's fees, interest, punitive damages as to the individual defendants, and such other and further relief as the Court may deem just and proper.

DATE: 9/5/2023

WEIR GREENBLATT PIERCE LLP
FUNT AND FLORES, LLC

_/s/_
Harry J. Kane, Jr.
1339 Chestnut Street, Suite 500
Philadelphia, Pennsylvania 19107
T: 215-241-7710 / F: 215-241-7710
*Attorneys for Plaintiff*